IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                      No. CR 07-730 JB

LEOBARDO SALAS-ALVARADO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed July 4, 2007 (Doc. 16)("Memo"). The Court held a sentencing hearing on August 1, 2007. The primary issue is whether the Court should assess Defendant Leobardo Salas-Alvarado 1 criminal-history point for an uncounseled misdemeanor conviction in 2004. Because, factually, Salas-Alvardo constitutionally waived his right to counsel, and did not serve any jail time for the conviction, and because, legally, the Court can count such convictions in determining Salas-Alvarado's criminal-history category, the Court will overrule the objection to the Pre-Sentence Report ("PSR").

**FACTUAL BACKGROUND**

      As the PSR reflects, Salas-Alvarado was born in 1970, see PSR at 1, disclosed June 8, 2007, and raised in rural Chihuahua, Mexico, see id. ¶ 35, at 11-12. He was one of seven children. See id. ¶ 34, at 11. Salas-Alvarado completed six years of education in Mexico, see id. ¶ 41, at 13, and has worked primarily as an agricultural or general laborer for his entire life, see id. ¶ 42, at 13.

      When he was twenty-two years old, Salas-Alvarado relocated to the United States in search of higher wages and of an opportunity to assist financially his struggling family in Mexico. See

Memo at 2.  From 1992 until 2002, Salas-Alvarado lived and worked primarily in Pueblo, Colorado. See PSR ¶ 35, at 11.  From 2002 to 2007, he lived in Las Cruces, New Mexico and Chihuahua.  See id.

Salas-Alvarado's criminal history reflects a number of cases that involved the use of alcohol. See PSR ¶¶ 22-24, 26, 32, at 6-11.  All of Salas-Alvarado's previous cases -- except one -- appear to have resulted in misdemeanor convictions.  See id. ¶¶ 21-32, at 5-11.  The only felony conviction on Salas-Alvarado's record is for the non-violent offense of illegal re-entry.  See id. ¶ 28, at 9-10.

Salas-Alvarado appeared pro se and received a criminal sentence in 2004 for which the PSR assigns him 1 criminal-history point.  See id. ¶ 26, at 8-9.  For this misdemeanor conviction, Salas-Alvarado was not sentenced to any jail time.  See id.

## PROCEDURAL BACKGROUND

On April 17, 2007, Salas-Alvarado pled guilty to violating 8 U.S.C. §§ 1326(a) and (b), re-entry of a removed alien.  See Fast Track Plea Agreement, filed April 17, 2007 (Doc. 12).  Under the United States Sentencing Guidelines, the base-offense level for this offense is 8.  See U.S.S.G. § 2L1.2.  The PSR ascribed a 4-level upward adjustment based on Salas-Alvarado's 2005 conviction for illegal re-entry.  See PSR ¶ 12, at 5.  After a 2-level downward adjustment for acceptance of responsibility, see id. ¶ 17, at 5, and pursuant to the United States Attorney's "Fast Track" program and rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, see id. ¶ 19, at 5, Salas-Alvarado's final-offense level is 9, see id.  With a final-offense level of 9 and a criminal-history category of V, Salas-Alvarado's advisory Guidelines' sentencing range is 18-24 months.  See U.S.S.G. Sentencing Table.

Salas-Alvarado accepts that his final-offense level is 9, based upon the Plea and Disposition Agreement and Fast Track Program, but submits that his criminal-history category should be IV.

See Memo at 3. In his Sentencing Memorandum, Salas-Alvarado argues that, while the PSR notes, in paragraph 26, that he appeared pro se during the 2004 proceedings concerning his misdemeanor traffic violations, it is not clear from the record whether he constitutionally waived his right to counsel at those proceedings. See id. at 1-2. Accordingly, Salas-Alvarado objects to the 1 criminal-history point that paragraph 26 of the PSR assigns him. See id. at 2. Salas-Alvarado states that, if the Court does not assess the criminal-history point referenced in paragraph 26, he would have 9 total criminal-history points, resulting in a criminal-history category of IV. See id. A criminal-history category of IV and a final-offense level of 9 results in an advisory Guidelines' sentencing range of 12-18 months. See id. at 3; U.S.S.G. Sentencing Table.

Salas-Alvarado requests that the Court find that his criminal-history category is IV, with a corresponding offense level of 9. See id. Salas-Alvarado further requests that his sentence be 12 months and a day. See id.

In an Addendum to the PSR, the United States Probation Office ("USPO") states that, according to documents from the Municipal Court in Las Cruces, Salas-Alvarado signed a waiver of counsel for the 2004 misdemeanor conviction listed in paragraph 26. See Addendum to the Pre-Sentence Report at 1, dated July 13, 2007 ("Addendum"). The "Waiver of Right to Counsel" document that he signed advised him of his rights to legal counsel, pursuant to the federal and state constitutions. See Addendum, Attachment, Waiver of Right to Counsel, (dated July 29, 2004) (attachment)("Waiver"). Specifically, the Waiver of Right to Counsel states:

> I understand that I am charged with the following offenses:
>
> 12-6-12.1A Driving While Intoxicated    12-6-4.3D Ran Stop Sign
> 12-6-4.2D Ran Stop Sign    12-6-4.3D Ran Stop Sign
> 12-6-12.5A No Drivers License    12-10-6A No Proof of Insurance
> 12-10-5 Evidence of Registration

which are misdemeanors under the law, and that if I am found guilty, I could be imprisoned in the Dona Ana County Jail, fined, or both.

I understand that under the Constitution of the United States and of the State of New Mexico, I have the right to be represented by a lawyer at all stages of the criminal case -- before trial, at the trial itself, during proceedings to determine what sentence should be imposed if I am found guilty, and any appeal. I understand that if I am unable, without due hardship, to pay for all or a part of the expense of legal representation from available present income and assets, a lawyer will be furnished for me free of charge.

After reading and understanding all of the above, I hereby give up my rights to a lawyer in this case and to have a lawyer furnished for me free of charge if I cannot afford one.

**DO NOT SIGN THIS FORM IF YOU WANT AN ATTORNEY. DO NOT SIGN THIS FORM UNLESS YOU HAVE READ IT AND UNDERSTAND IT.**

_____s/signed_____
Defendant

I find that the defendant knowingly, voluntarily and intelligently with full awareness of his rights, has waived his right to counsel on this 29th day of July 2004.

_____s/signed_____
Judge

See Waiver.

The United States agrees with the analysis and position stated in the Addendum. See United States' Response to Sentencing Memorandum and Objections to the PSR Filed July 4, 2007 (Doc. 16) at 1, filed July 19, 2007 (Doc. 17). At the hearing, Salas-Alvarado conceded that, in calculating a defendants' criminal history, the Court could lawfully consider uncounseled misdemeanor convictions that do not result in incarceration. See Transcript of Hearing at 11:3-14

(Robbenhaar)(taken August 1, 2007).[1] Nevertheless, Salas-Alvarado continued to dispute the criminal-history point, contending that it was unlikely, as the PSR reflects, that he was arrested and sentenced on the same day for the July 29, 2004 misdemeanor. See id. at 10:2-8. Salas-Alvarado conceded, however, that he had no evidence to dispute the PSR's contents or the date on the Waiver, see id. at 4:7-12, and the United States introduced as Exhibit A to the Clerk's Minutes a docket sheet showing that the charges were made on July 29, 2004.

## LAW REGARDING RELIANCE ON UNCOUNSELED MISDEMEANOR CONVICTIONS AT SENTENCING

A defendant whose previous conviction is constitutionally invalid because he was denied the right to counsel may challenge the use of that conviction to enhance his sentence under the Guidelines. See United States v. Cruz-Alcala, 338 F.3d 1194, 1196-97 (10th Cir. 2003). Because, however, a "presumption of regularity" attaches to final judgments, even those that implicate the waiver of constitutional rights, Parke v. Raley, 506 U.S. 20, 29 (1992), "[o]nce the government establishes the existence of a prior conviction, . . . it becomes the defendant's burden to prove by a preponderance of evidence that the conviction was unconstitutional," United States v. Quintana-Ponce, 129 Fed. Appx. 473, 475 (10th Cir. 2005).

The Supreme Court has held that, under the Sixth and Fourteenth Amendments, a defendant may not be sentenced to a term of imprisonment unless he has been afforded the right to assistance of counsel in his defense. See Scott v. Illinois, 440 U.S. 367, 373-74 (1979); United States v. Cousins, 455 F.3d 1116, 1125-26 (10th Cir. 2006). The right to counsel, however, "does not extend to nonfelony trials if no term of imprisonment is actually imposed." M.L.B. v. S.L.J., 519 U.S. 102,

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

113 (1996). Consistent with that understanding, "an uncounseled misdemeanor conviction, [in association with which] no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Nichols v. United States, 511 U.S. 738, 748-49 (1994). See United States v. Jackson, No. 06-2079, 2007 WL 1969678, at *3 (10th Cir. July 9, 2007)(quoting Nichols v. United States, 511 U.S. at 749); U.S.S.G. § 4A1.2 cmt. background ("Prior Sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed.").

## ANALYSIS

Citing Alabama v. Shelton, 535 U.S. 654 (2002), and United States v. Haymer, 995 F.2d 550 (5th Cir. 1993), Salas-Alvarado contends that uncounseled misdemeanor convictions, even if they do not result in incarceration, should not result in criminal-history points. See Memo at 2. Salas-Alvarado quotes the United States Court of Appeals for the Fifth Circuit's opinion in United States v. Haymar in support of his position: "Absent valid waiver [of the right to counsel in a misdemeanor case], if a defendant is sentenced to prison [including a suspended or probated sentence after Shelton], the conviction itself is unconstitutional." Memo at 2 (quoting United States v. Haymer, 995 F.2d at 552). Salas-Alvarado argues that, unless the United States can prove that Salas-Alvarado constitutionally waived his right to counsel, it is erroneous to assess a criminal-history point for his uncounseled misdemeanor conviction. See Memo at 2.

Salas-Alvarado is incorrect on the law. Pursuant to U.S.S.G. § 4A1.2's background comment, prior sentences, not otherwise excluded, are to be counted in the criminal-history score. See U.S.S.G. § 4A1.2 cmt. background. Included are uncounseled misdemeanor sentences where imprisonment was not imposed. See M.L.B. v. S.L.J., 519 U.S. at 113 (stating that the right to counsel "does not extend to nonfelony trials if no term of imprisonment is actually imposed." );

Nichols v. United States, 511 U.S. at 748-49 ("[A]n uncounseled misdemeanor conviction, [in association with which] no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction.").

Salas-Alvarado's objection cannot stand when considered against M.L.B. v. S.L.J., Nichols v. United States, and the facts before the Court. First, both the Sentencing Guidelines and the caselaw have rejected Salas-Alvarado's position that uncounseled misdemeanor convictions, which do not result in jail time, cannot be used to calculate criminal history. See Nichols v. United States, 511 U.S. at 748-49; U.S.S.G. § 4A1.2 cmt. background. "[A]n uncounseled misdemeanor conviction, [in association with which] no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction." Nichols v. United States, 511 U.S. at 748-49. The PSR reflects that Salas-Alavarado was sentenced to an evaluation and an $85.00 fine, but no period of incarceration, either probated or suspended, for his uncounseled misdemeanor conviction. See PSR ¶ 26, at 8-9. Second, the USPO's Addendum, with its document from the Las Cruces court, resolves the constitutional waiver issue. See Waiver. The Waiver of Right to Counsel clearly explained Salas-Alvarado's right to counsel, and Salas-Alvarado knowingly, intelligently, and voluntarily waived that right. See id. Based on the information in the Waiver, the Haymar court's ruling is inapposite. See United States v. Haymer, 995 F.2d at 552; Waiver. Also, the Court finds by a preponderance of the evidence that Salas-Alvarado obtained the misdemeanor conviction and that the 1 criminal-history point is properly assessed. Based on the foregoing, the Court concludes that the criminal-history point assessed to Salas-Alvarado in paragraph 26 is correctly applied.

**IT IS ORDERED** that the Objection in the Defendant's Sentencing Memorandum is overruled. The Court will sentence Salas-Alvarado consistent with a total-offense level of 9 and a criminal-history category of V.

                                            _____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Larry Gomez
  Acting United States Attorney
Rhonda P. Backinoff
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

John F. Robbenhaar
Albuquerque, New Mexico

    *Attorney for the Defendant*